

EXHIBIT 1

# MUTUAL ARBITRATION AGREEMENT

THIS MUTUAL ARBITRATION AGREEMENT (the "Agreement") is made and entered into by and between: ~~Jonathan Wynn~~ ("Employee") and Wellmore Coal Company, LLC including its parents, subsidiaries, affiliates, successors, and assigns (including but not limited to United Coal Company LLC and its affiliates) ("Employer") (together, with the Employee for purposes herein, "Party" or "Parties" as appropriate).

**Arbitration.** The Parties recognize that differences may arise between the Employer and the Employee that cannot be resolved without the assistance of an outside adjudicator. Arbitration is a way to resolve disputes between the Parties without going to court. By signing this Agreement, the Parties agree to resolve any and all disputes or controversies arising out of the employment relationship and/or termination of the employment relationship by submitting them to final and binding arbitration administered by the American Arbitration Association ("AAA"). This means that a neutral Arbitrator will decide any disputes between the Parties, not a judge or jury. The AAA shall administer the arbitration proceedings according to its *Employment Arbitration Rules and Mediation Procedures* then in effect. In exchange for the agreement to arbitrate, the Parties expressly waive any right to go to court for any and all claims covered by this Agreement.

**Covered Claims.** This Agreement between the Parties to arbitrate any and all disputes or claims of any kind includes (but is not necessarily limited to) claims under Title VII of the Civil Rights Act of 1964; the Age Discrimination in Employment Act; the Family and Medical Leave Act; the Americans with Disabilities Act; the Fair Labor Standards Act; the Virginia Human Rights Act; the Virginians with Disabilities Act; the Virginia Equal Pay Law; the Virginia Minimum Wage Act; the Virginia Payment of Wage Law; the common law of Virginia; and any other state or federal statutes, regulations, common law or other laws applicable to the employment relationship. Such claims may include (but are not limited to): claims of unlawful discrimination, retaliation, or harassment on the basis of race, color, sex, sexual orientation, religion, age, national origin, ancestry, citizenship, disability, veteran status, workers' compensation claims or history, or any other unlawful reason; breach of contract; employment-related tort claims such as negligence or defamation; claims for deliberate intent; claims for wages or other compensation due; or claims based upon public policy.

**Claims Not Covered.** This Agreement does not affect or limit any right to file an administrative charge or cooperate with a government agency, such as the National Labor Relations Board or the Equal Employment Opportunity Commission, or the right to file a claim for workers' compensation or unemployment insurance benefits. This Agreement further does not apply to employment benefit plans regulated by the Employment Retirement Income Security Act ("ERISA"). This Agreement does not apply to or cover claims by the Employer for injunctive and/or other equitable relief for unfair competition and/or the unauthorized disclosure of trade secrets or confidential information.

**Waiver of Trial by Jury.** The Parties understand and fully agree that by entering into this Agreement to arbitrate, they are giving up their right to have a trial by jury and are giving up their normal rights of appeal following the rendering of a decision except to the extent that

applicable law allows for judicial review of arbitration proceedings. The Parties anticipate that by entering into this Agreement, they will gain the benefits of a speedy and less expensive dispute resolution procedure.

**Waiver of Class Action and Representative Action.** Except for representative claims which cannot be waived under applicable law and which are therefore excluded from this Agreement ("Excluded Claims"), the Employee and Employer expressly intend and agree that: (a) class action and representative action procedures (including collective actions) are hereby waived and shall not be asserted, nor will they apply, in any arbitration pursuant to this Agreement; (b) each will not assert class action or representative action claims against the other in arbitration or otherwise; and (c) the Employee and the Employer shall only submit their own, individual claims in arbitration and will not seek to represent the interests of any other person. To the extent that the Parties' dispute involves both timely filed Excluded Claims and claims subject to this Agreement, the Parties agree to bifurcate and stay for the duration of the arbitration proceeding any such Excluded Claims.

**Internal Resolution Efforts.** The Parties agree that, prior to submitting a demand for binding arbitration, they shall first make good faith efforts at resolving any dispute internally through the Employer's management channels. Notification of any such claim or dispute must be made in writing. In order to notify the Employer of the claim or dispute, the Employee must send written notification to Paul A. Konstanty, Vice President and General Counsel, 109 Appalachian Drive, Beckley, West Virginia 25801, via U.S. Mail. In order to notify the Employee of the claim or dispute, the Employer must send written notification to the Employee's last known address on file via U.S. Mail.

**Arbitrability.** The Arbitrator, and not any federal, state, or local court or government agency, shall have exclusive authority to resolve any dispute relating to formation, interpretation, applicability, or enforceability of this Agreement, including without limitation any claim that this Agreement (or any part of it) is void or voidable. The decision of an Arbitrator on any such issue or dispute, as well as on any Claim submitted to arbitration as provided in this Agreement, shall be final and binding upon the Parties, except as otherwise provided by applicable law.

**Arbitration Procedures and Time Limits.** The Party wishing to pursue a claim must file an arbitration demand with the AAA within the same time period that the Party would have to file a lawsuit in court. The demand must be filed with the AAA in accordance with that entity's filing rules then in effect. Copies of AAA's Rules are available on AAA's website, www.adr.org. The Parties shall select an Arbitrator in accordance with the AAA Rules. The Arbitrator shall be an attorney licensed to practice law in the state in which the Employee is or was employed, and shall have substantial experience in labor and employment matters. The selected Arbitrator shall apply the same laws, and shall have the authority to provide the same relief and take the same actions to protect the rights of the Parties, as would be available in court and shall issue a written decision following all arbitration proceedings.

**Arbitration Cost.** Should the Employee file an arbitration demand, he/she shall pay no more or less toward the cost of arbitration than he/she would pay if he/she filed a lawsuit in a local court of competent jurisdiction. That cost averages approximately $200, but is subject to

change, and the cost paid by the Employee shall be the prevailing filing fee in the applicable local court at the time of the arbitration demand. The Employer shall pay all other costs of the arbitration, except that the Parties agree to each pay their own attorney fees; however, if the applicable substantive law authorizes one Party to recover attorney fees from the other Party, then the Arbitrator may so award those attorney's fees to the prevailing party in accordance with the applicable law.

**Mutual Consideration.** By signing this Agreement, the Parties expressly exchange mutual promises to submit any covered employment-related dispute between them to binding arbitration. The Employee's promise to sign and return this Agreement to the Employer as a condition of employment, as well as the Employer's offer to employ and continue to employ the Employee (including compensation and benefits provided), are additional consideration for this Agreement.

**Term.** This Agreement shall survive the employment relationship between the Employer and the Employee and shall apply to any covered claim whether it arises or is asserted during or after termination of Employee's employment with Employer.

**Construction, Enforceability, and Severability.** The Parties expressly agree that this Agreement is subject to the Federal Arbitration Act ("FAA"), and that it shall be enforceable pursuant to and interpreted in accordance with the FAA.

Either Party may bring an action in any court of competent jurisdiction to compel arbitration under this Agreement and to enforce and/or confirm an arbitration award. Except as otherwise provided in this Agreement, both the Employer and Employee agree that neither party shall initiate or prosecute any lawsuit which relates in any way to any claim covered by this Agreement.

The Parties further agree that, should any specific provision(s) of this Agreement be ruled unenforceable, then the remainder of this Agreement shall remain in full force and effect.

**No Employment Contract.** This Agreement is not, nor shall in be in any way construed to create, a contract of employment, whether express or implied. The Parties acknowledge that the employment relationship is "at will;" that is, either Party may terminate the employment relationship at any time, and for any reason.

**Entire Agreement.** This Agreement represents the entire mutual agreement to arbitrate between the Parties on this subject. Upon its effectiveness, the Agreement shall supersede any and all prior agreements, understandings, arrangements, or representations, whether oral or written, regarding arbitrability of employment-related disputes. This Agreement shall only be amended by a writing executed by all parties.

This Agreement contains legally binding promises which affect the rights of the Parties. The Employee represents and warrants that he/she has been advised of his/her opportunity to seek and consult with competent counsel or other representative of his/her choosing regarding the provisions of this Agreement, if desired. The Employee acknowledges that he/she has entered into this Agreement voluntarily and not in reliance on any promises or representations by the Employer other than those contained in the Agreement itself. The Parties have carefully read this Agreement in its entirety; fully understand and agree to its terms and provisions; and consent to be bound thereby.

IN WITNESS WHEREOF, Employer and Employee have duly executed this Agreement on this date: __12-28-22__ .

_____  
Employer (Signature)

__HR Dir.__  
Title

_____  
Employee (Signature)

__Jonathan Wolford__  
Employee (Printed Name)

MUTUAL ARBITRATION AGREEMENT SIGNATURE PAGE

8145194.1